UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. MILES,<br><br>        Petitioner,<br><br>  v.<br><br>WARDEN BRAD ESPINOZA,<br><br>        Respondent. | 1: 05 CV 01327 LJO WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 13] |

      Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

      On April 1, 2003, Petitioner was convicted of lewd and lascivious acts with a child under 14 years (Cal.Penal Code § 288(a)). He was sentenced to a determinate state prison term of 8 years. Petitioner did not file a direct appeal from the judgment.

      Petitioner filed five pro se petitions for writ of habeas corpus before filing the federal petition now before this court on October 21, 2005.

First Petition

June 20, 2003: petition for writ of habeas corpus filed in Kings County Superior Court.

July 9, 2003: petition denied on merits.

<u>Second Petition</u>

August 21, 2003: petition for writ of habeas corpus filed in Court of Appeal.

September 11, 2003: petition denied on merits.

<u>Third Petition</u>

October 4, 2003: petition for writ of habeas corpus filed in Kings County Superior Court.

January 30, 2004: petition denied as untimely with citation to <u>In re Clark</u>, 5 Cal.4th 750, 767 (1993).

<u>Fourth Petition</u>

February 19, 2004: petition for writ of habeas corpus filed in Court of Appeal.

February 26, 2004: petition denied as untimely with citation to <u>In re Clark</u>, 5 Cal.4th 750, 767 (1993).

<u>Fifth Petition</u>

March 8, 2004: petition for writ of habeas corpus filed in California Supreme Court.

March 2, 2005: petition denied on merits.

**LEGAL STANDARD**

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

1  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.
2  586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97
3  F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*
4  *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable
5  to cases filed after statute's enactment).  The instant petition was filed after the enactment of the
6  AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is barred by the applicable statute of limitations. The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In moving to dismiss this petition, Respondent that the statute of limitations began running on June 1, 2003, and that 20 days ran on the statute before he filed his first state habeas petition on June 20, 2003. Respondent states that Petitioner is entitled to tolling during the pendency of his first and second state habeas petitions; i.e., June 20, 2003, through September 11, 2003. Respondent argues that Petitioner is not entitled to statutory tolling between the denial of his second petition and the filing of his third petition, as he was not filing a subsequent action at the next appellate level.

1  See Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999)(statute tolled during intervals between
2  dispositions of state collateral actions and the filing of a subsequent collateral action at the next state
3  appellate level).  Respondent further argues that neither Petitioner's third or fourth petitions served
4  to toll the statute of limitations as they were found not to be properly filed.  See Pace v.
5  DiGuglielmo, 544 U.S. 408.  Respondent therefore argues that the statute continued to run from the
6  denial of the second petition on September 11, 2003, until the filing of the fifth petition in the
7  California Supreme Court on March 8, 2004.  Respondent asserts that at that point, 198 of the
8  limitations period had expired (20 days before first petition was filed, 67 days between the denial of
9  the second petition and the filing of the third petition, and 111 days between the filing of the third
10 petition and the filing of the fifth petition).  Finally, Respondent argues that the statute of limitations
11 began to run again on March 2, 2005, when the California Supreme Court denied the fifth petition,
12 and expired on August 16, 2005.  Petitioner did not file the present petition until almost two months
13 later, on October 15, 2006.

14     In opposing Respondent's motion to dismiss, Petitioner concedes that he filed his petition
15 one month beyond the expiration of the statute of limitations.  Petitioner, however, argues that he is
16 entitled to equitable tolling on the following grounds: 1) he thought that he had one year after the
17 denial of his petition by the California Supreme Court on March 2, 2005, to file his petition in this
18 court; 2) he is unable to do research in the prison library due to lack of access because of
19 overcrowding, lock downs, and rioting; 3) he is ignorant of the law; 4) he received no legal
20 assistance.

21     The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
22 prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.
23 Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107
24 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.
25 United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds*
26 *by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that
27 "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if
28 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on

1  time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to
2  file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
3  Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), citing Kelly, 163 F.3d at 541; Beeler, 128 F.3d at
4  1288-1289.
5         The burden of demonstrating that extraordinary circumstances exist lies with the petitioner.
6  United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999). In this case, the court finds that
7  none of the grounds suggested by Petitioner constitute extraordinary circumstances sufficient to
8  justify equitable tolling. The Ninth Circuit has held that claims of ignorance of the law and illiteracy
9  are insufficient to justify equitable tolling. See, e.g., Hughes v. Idaho State Bd. of Corrections, 800
10 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but
11 insufficient to establish cause); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of
12 knowledge of state law not cause); see, also, Marsh v. Soares, 223 F.2d 1217, 1220 (10th Cir. 2000);
13 Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).
14 Further, lack of legal assistance is generally insufficient to justify tolling the statute of limitations.
15 See, Hughes v. Idaho Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). Petitioner is only
16 entitled to a reasonably adequate opportunity to present his claims to the courts, see, Lewis v. Casey,
17 518 U.S. 343, 351, 116 S.Ct. 2174 (1996), not to the assistance of someone trained in the law. Id. at
18 356, 360.  Finally, unpredictable lockdowns or library closures do not constitute extraordinary
19 circumstances warranting equitable tolling in this case. See, United States v. Van Poyck, 980
20 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and
21 lockdowns at prison lasting several days and allegedly eliminating access to law library were not
22 extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v.
23 Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and
24 transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA]
25 statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such
26 matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged
27 lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL
28 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary

circumstances warranting equitable tolling).

In light of the above, the court must conclude that this action is barred by the statute of limitations and must recommended that it therefore be dismissed.

Based on the foregoing, IT IS HEREBY RECOMMEND as follows:

1)   that Respondent's motion to dismiss be GRANTED;
2)   that this petition for writ of habeas corpus be dismissed as barred by the statute of limitations;
3)   that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 11, 2008**                    /s/  William M. Wunderlich
                                                  UNITED STATES MAGISTRATE JUDGE